**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2188
_____

IN RE: CALEB L. MCGILLVARY,
                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1:22-cv-04185)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 24, 2023
Before:  KRAUSE, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed September 5, 2023)
_____

OPINION*
_____

PER CURIAM

   Caleb McGillvary, proceeding pro se, petitions for a writ of mandamus.  For the

following reasons, we will dismiss in part and deny in part the petition.

   McGillvary has a pending habeas action in the United States District Court for the

District of New Jersey.  See McGillvary v. Att'y Gen. of N.J., et al., D.C. Civ. No. 1:22-

cv-01485.  The Government filed its response to the petition in March 2023, and

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McGillvary moved for summary judgment in May 2023. The Clerk then entered an order that McGillvary's motion would be decided "on the papers," and McGillvary filed this mandamus petition to compel the District Court to adjudicate the motion on the merits. In August 2023, the District Court denied the motion as improperly filed in a habeas case and stated that it will rule on McGillvary's habeas petition in due course.

To the extent McGillvary requests that we compel the District Court to rule on his motion for summary judgment, his petition no longer presents a live controversy because the District Court has since ruled. Therefore, we will dismiss it as moot in part. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

To the extent McGillvary requests that we direct the District Court to consider the merits of his motion for summary judgment, we will deny that request. A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must demonstrate that he has "no other adequate means to obtain [that] relief," and that "the right to issuance [of the writ] is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

McGillvary has an adequate means of relief. In August 2023, the District Court stated that it will proceed with the merits of McGillvary's petition in due course. If the District Court denies his petition, he may appeal the District Court's orders. As to

2

McGillvary's general assertions that the District Court has failed to exercise jurisdiction over his habeas petition, that argument lacks merit. Matters of docket control are generally within the discretion of the District Court, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and the District Court's August 2023 order demonstrates it is moving forward with the case. We are confident that it will adjudicate his pending § 2254 motion in a timely manner.

Accordingly, we will dismiss in part and deny in part the petition for a writ of mandamus.[1]

---

[1] McGillvary's motion for summary action is denied. C.A. Dkt. No. 10.